**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

|  |  |
|---|---|
| AVE MARIA SCHOOL OF LAW,  )<br>　　　　　　Plaintiff,　　　　　)<br>　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>ALEX M. AZAR II, Secretary of the United　)<br>States Department of Health and Human　)<br>Services,[1] *et al.*,　　　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　　　　Defendants.　　　　)<br>　　　　　　　　　　　　　　) | Case No. 2:13-cv-795 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
PERMANENT INJUNCTION AND DECLARATORY RELIEF**

Plaintiff has moved for a permanent injunction and declaratory relief against federal regulations that required it to offer coverage of contraceptive services ("the Mandate") or to comply with an accommodation process whereby its employees would receive coverage through Plaintiff's health insurance issuers or third party administrators. *See* ECF No. 66. Although the Government does not agree with all of the statements and arguments in Plaintiff's motion for permanent injunction and declaratory relief, the Government is not raising a substantive defense of the Mandate or the accommodation process with respect to Plaintiff's Religious Freedom Restoration Act ("RFRA") challenge. The Government has concluded that requiring employers with sincerely held religious objections to comply with the Mandate or the accommodation process would violate RFRA.

---

[1] Alex M. Azar II, Secretary of the United States Department of Health and Human Services, "is automatically substituted as a party" for Thomas E. Price, M.D. Fed. R. Civ. P. 25(d).

The Government takes no position on whether permanent injunctive relief or declaratory relief is appropriate in this case. The injunctions in *Pennsylvania v. Trump*, 281 F. Supp. 3d 553 (E.D. Pa. 2017), and *California v. Department of Health and Human Services*, 281 F. Supp. 3d 806 (N.D. Cal. 2017), do not purport to interfere with this case or other existing litigation challenging the prior rules. *See Pennsylvania*, 281 F. Supp. 3d at 585 ("A preliminary injunction will maintain the status quo: those with exemptions or accommodations prior to October 6, 2017 will maintain their status, those with injunctions preventing enforcement of the Contraceptive Mandate will maintain their injunctions, but those with coverage will maintain their coverage as well."); *California*, 281 F. Supp. 3d at 832 ("This nationwide injunction does not conflict with the plaintiff-specific injunctions issued by the courts in the *Zubik* cases or any other case."). The Government notes, however, that any injunction should be limited to the provision of sterilization or contraceptive drugs, devices, or procedures and related education and counseling to which Plaintiff has sincerely-held religious objections.

Respectfully submitted this 6th day of July, 2018,

ETHAN P. DAVIS
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

/s/ *Michelle R. Bennett*
MICHELLE R. BENNETT
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20530
Tel: (202) 305-8902; Fax: (202) 616-8470
Email: michelle.bennett@usdoj.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

    */s/ Michelle R. Bennett*
    MICHELLE R. BENNETT