**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | |
|---|---|
| AVE MARIA SCHOOL OF LAW,  *Plaintiff,*  v.  ALEX AZAR, *et al.*  *Defendants.* | Civil No. 2:13-cv-795-JSM-CM  **ORDER REOPENING CASE AND GRANTING PERMANENT INJUNCTION AND DECLARATORY RELIEF** |

Upon consideration of Plaintiff Ave Maria School of Law's Motion for Permanent Injunction and Declaratory Relief (Dkt. 66) and Defendants' Response (Dkt. 67), the Court GRANTS the motion to the extent stated herein, finds that a permanent injunction under Rule 65(d) and declaratory relief under 28 U.S.C. § 2201 are warranted, and states the following findings and conclusions:

(1) Ave Maria has demonstrated, and Defendants concede, that the promulgation and enforcement of the contraceptive mandate against Ave Maria through any means that require Ave Maria to provide or facilitate the provision of coverage for contraceptive goods or services to which it holds sincere religious objections violated and would violate Ave Maria's rights under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb.

(2) Ave Maria will suffer irreparable harm to its ability to practice its religious beliefs, harm that is the direct result of Defendants' conduct, unless Defendants are enjoined from further interfering with Ave Maria's practice of its religion.

(3) The threatened injury to Ave Maria outweighs any injury to Defendants resulting from this injunction.

(4) The public interest in the vindication of religious freedom favors the entry of an injunction.

It is, therefore, ORDERED that this case is REOPENED and that Ave Maria's Motion for Permanent Injunction and Declaratory Relief (Dkt. 66) is GRANTED.

It is further ORDERED that the Court issues the following PERMANENT INJUNCTION:

Defendants, their agents, officers, employees, and their successors in office and anyone acting in active concert or participation with Defendants, are enjoined and restrained from any effort to apply or enforce the substantive requirements imposed in 42 U.S.C. § 300gg-13(a)(4) and any implementing regulations as those requirements relate to the provision of sterilization or contraceptive drugs, devices, or procedures and related education and counseling to which Ave Maria has sincerely-held religious objections, and are enjoined and restrained from pursuing, charging, or assessing penalties, fines, assessments, or any other enforcement actions for noncompliance related thereto, including those found in 26 U.S.C. §§ 4980D, 4980H, and 29 U.S.C. §§ 1132, 1185d and including, but not limited to, penalties for failure to offer or facilitate access to religiously-objectionable sterilization or contraceptive

drugs, devices, or procedures, and related education and counseling, against Ave Maria and any insurers and third-party administrators acting on behalf of Ave Maria with respect to its health plans. Defendants remain free to enforce 26 U.S.C. § 4980H for any purpose other than to require Ave Maria or its insurers, third-party administrators, or others acting on its behalf to provide or facilitate the provision of sterilization or contraceptive drugs, devices, or procedures, and related education and counseling, to which Plaintiff has sincerely-held religious objections, or to punish them for failing to do so.

The Clerk of Court is directed to close this case.

DONE and ORDERED this 11th day of July, 2018.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE